UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| ANTONIO CALLOWAY, | ) | C/A No.: 4:15-cv-2137-RMG-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN CECILIA REYNOLDS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Antonio Calloway (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 26, 2015. (Doc. #1). Respondent filed a motion for summary judgment on August 10, 2015, along with a return and memorandum. (Docs. #9 and #10). The undersigned issued an order filed August 10, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #11). Petitioner filed a response on October 15, 2015. (Doc. #16).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lieber Correctional Institution pursuant to an order of commitment from the Clerk of Court of Greenville County. Petitioner was indicted during the July 2011 term of the Greenville County Grand Jury for armed robbery, two counts of possession of a weapon during the commission of a violent crime (PWDCVC) and attempted murder. In February 2012, the Greenville County Grand Jury returned additional indictments on the charges of armed robbery, kidnapping, attempted armed robbery, and another joint indictment for armed robbery and PWDCVC.

Scott Robinson, Esquire. represented Petitioner as he pleaded guilty to all charges as indicted, with the exception of the joint indictment for armed robbery and PWDCVC, to which Petitioner pleaded solely to armed robbery. The plea hearing took place before the Honorable C. Victor Pyle, South Carolina Circuit Court Judge, on May 14, 2012. Mark Moyer of the Thirteenth Circuit Solicitor's Office appeared on behalf of the State. Judge Pyle sentenced Petitioner to: 25 years for attempted murder; 25 years for kidnapping; 20 years for each of three armed robberies,

five years for each of two PWDCVC charges; and 10 years for attempted armed robbery. Judge Pyle intended the initial 25-year sentence to control the total time of incarceration. All sentences were issued to run concurrent with credit for time served. Attachment 1, p. 21.

**PCR**

Petitioner filed an application for post-conviction relief (PCR) on September 25, 2012, raising the following claims: "Hand of one/Hand of all Sentencing law violation Due process of law, ineffective assistance of counsel and Equal protection of the law." The State filed a return. PCR counsel filed an amended PCR application on behalf of Petitioner on February 18, 2013, raising the following ineffective assistance of counsel claims:

1. My defense attorney failed to conscientiously discharge his professional responsibilities while he was handling my case.
2. My defense attorney failed to effectively challenge the arrest and seizure of Applicant.
3. My defense attorney failed to act as my diligent, conscientious advocate.
4. My defense attorney failed to give me his complete loyalty.
5. My defense attorney did not have my best interest in mind while he was supposed to be investigating and preparing my case.
6. My defense attorney failed to serve my cause in good faith.
7. My defense attorney neglected the necessary investigations and the preparation of my case.
8. My defense attorney did not do the necessary factual investigations on my behalf.
9. My defense attorney did not do the necessary legal research.

10. My defense attorney did not conscientiously gather any information to protect my rights.
11. My defense attorney did not try to have my case settled in a matter that would have been to my best advantage by on behalf of the State on December 16, 2010.
12. My defense attorney did not advise me of all my rights or take any of the actions that were necessary to protect preserve them; knowing that I was not versed in the law.
13. My defense attorney, knowing I was illiterate in the law, never properly ascertained whether or not I actually understood or comprehended all of the issues that were involved in my case.
14. My defense attorney never properly consulted with me or kept me informed with what was going on as far as my case was concerned.
15. My defense attorney never explained to me or discussed with me any of the elements of the crime charged.
16. My defense attorney never made any attempt to ascertain whether or not I actually knew what the elements of the crime charged were or whether or not I understood exactly what the term "criminal element" actually meant.
17. My defense attorney never explained to me or discussed with me how the elements of the crime charge and the evidence that the prosecution planned to introduce into evidence against me related to one another and did not discuss how the sentencing would be done especially as it related to the elements of the crime as in State v. Boyd.
18. My defense attorney never informed me of any of the defenses that were available to me.
19. My defense attorney never intended to offer any defense to the court on my behalf.
20. My defense attorney never explained to me or discussed with me any kind of defense strategy.
21. My defense attorney never explained to me or discussed with me any of the tactical choices that they either made or were planning to make.
22. My defense attorney dictated to me exactly how my case was going to be handled and offered no alternative options.

23. My defense attorney failed to properly acquaint themselves with the law and the facts surrounding my case and as a direct result of their intentional negligence, there was a very serious error in their assessment of both the law and the facts.
24. Because of my defense attorney's gross neglect and his many legal errors no defense at all was put in issue for me during the Court proceedings.
25. My defense attorney did not subject the prosecution's case to any adversarial testing.
26. My defense attorney failed to oppose the prosecution's case with any adversarial litigation.
27. My defense attorney failed to function as the government's adversary in any sense of the word.
28. My defense attorney failed to pursue any of the legal recourse that were available to him. The attorney that represented me on this charge in Court failed to function as the counsel that the Constitution's Sixth Amendment Guarantees.
29. My defense attorney failed to call alibi witnesses on my behalf which would have proven my innocence.
30. My defense attorney failed to appeal my case after I was convicted when I wanted to appeal.

Attachment 4, PCR.

Petitioner also filed a *pro se* memorandum in support of the following PCR claim on November 6, 2013:

> I. Trial Counsel was ineffective for failing to obtain a mitigating investigator to otherwise adequately prepare and present powerful mitigating evidence during pretrial and plea negotiations.

Attachment 5.

An evidentiary hearing was convened on December 18, 2013, before the

5

Honorable G. Edward Welmaker. Rodney Richey, Esquire, represented Petitioner and Karen Ratigan, Assistant Deputy Attorney General, appeared on behalf of the State. Petitioner and plea counsel testified at the hearing. On February 17, 2014, Judge Welmaker entered an order denying and dismissing Petitioner's PCR application with prejudice.

## PCR APPEAL

Petitioner filed a notice of appeal on May 19, 2014. Wanda Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Johnson petition for writ of certiorari, raising the following issue:

> Petitioner's pleas were entered involuntarily based on a misunderstanding of sentencing consequences in the case because trial counsel erred in failing to explain to petitioner that his request for a ten-year sentence did not automatically result in a confirmed plea bargain where a negotiated ten-year sentence was guaranteed in exchange for his guilty pleas.

Attachment 7, Johnson Petition for Writ of Certiorari. Along with the Johnson petition, PCR appellate counsel filed a petition to be relieved as counsel as "[i]n her opinion seeking certiorari from the order of dismissal is without merit." Attachment 7. Thereafter, Petitioner submitted a *pro se* submission raising the following issues:

> Whether Trial Counsel was Ineffective for Failure to Submit Documents Showing the Applicant Mental Disabilities?

Attachment 8, *Pro Se* Johnson Petition.

6

In an order filed March 4, 2015, the Supreme Court of South Carolina denied the petition and granted appellant counsel's petition to be relieved. Attachment 9. The court issued a remittitur on March 20, 2015. The Charleston County Clerk's Office filed the remittitur on April 27, 2015.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

| | |
|---|---|
| GROUND ONE: | Violation of the 6th Amendment; Ineffective Assistance of Counsel. |
| Supporting facts: | In voluntary Guilty Plea: Please See App. 14, II. 5-10; App. 51, II. 7-11, 14-15. The transcript and documents refute counsel's mitigating evidence he presented to the court during the plea phase. Counsel failed to fully explain to petitioner the plea terms. It was an open recommendation and had petitioner not accepted the terms of the plea, he could have received a lesser sentence. See Attachments 1 |
| GROUND TWO: | Violation of the 6th and 14th Amendment |
| Supporting facts: | Counsel failed to inform petitioner about all of his trial rights concerning and surrounding his case. One of those rights being the right to confront the witness who had given a recanted statement. SEE (Transcript and Statement). This is what prejudice petitioner of raising a defense and having a fair and just trial. Entering a plea agreement without making petitioner aware of his of all his rights have deprived petitioner in his jurisdiction in the |

                          Equal Protections of the Laws. See Attachments 2

GROUND THREE:     Violation of the 6th Amendment

Supporting Facts:     Counsel failed to present proper mitigating evidence concerning petitioners social history background and mental health records. Counsel did not inform petitioner about the right of the 6th Amendment concerning compulsory process. The petitioner is given under the U.S. Constitution the Subpoena power for obtaining witnesses in his favor. That such witness in his favor could have been a mitigation expert. SEE (Transcript) as supporting fact. See Attachments 3

(Habeas Petition) (errors in original).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court

proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues that his plea was involuntary because he did not adequately understand the terms of the plea and the recommended sentence.

Therefore, Petitioner asserts that he involuntarily pleaded guilty and received a sentence he otherwise would not have accepted. Respondent asserts that the plea was voluntarily made as evidenced by the state court record.

Petitioner pleaded guilty with the full understanding of the charges and the consequences of the plea. A review of the plea transcript reveals Petitioner testified that no one used any force or threats against him in order to get him to plead guilty; no one promised him anything for pleading guilty; that he was pleading guilty voluntarily and of his own free will; and the plea judge advised and the Petitioner stated that he understood, that the maximum sentence on each of the armed robberies was thirty years in prison, five years consecutive on each of the possession of a weapon during the commission of a violent crime, thirty years for kidnapping, and up to thirty years for attempted murder. (Tr. 4-16). Petitioner informed the court that he understood that he had a right to a jury trial whereby his attorney could cross-examine all witnesses who testified against him, and he would not have to take the stand and testify or present evidence. Id. Petitioner testified that he was satisfied with the services of his attorney who he felt had done everything he had asked and nothing that he did not like. (Tr. 8). Petitioner apologized for his actions stating that he knew what he did was wrong. (Tr. 16).

The PCR judge held the following with regards to this issue:

> This Court finds the Applicant failed to meet his burden of proving plea counsel somehow misadvised him about the sentence he was facing if he entered a guilty plea. Both plea counsel and the Applicant testified they discussed the sentence ranges for the charges. While the Applicant he[sic] pled guilty pursuant to a ten-year plea offer, plea counsel testified there was never a ten-year plea recommendation in this case. Plea counsel explained the Applicant confessed and asked the assistant solicitor for a ten-year deal but that no recommendation was made. Plea counsel testified the Applicant knew he was pleading guilty without a sentence recommendation. This Court finds plea counsel's testimony is credible. This Court notes a sentence recommendation was not made at the guilty plea hearing and the Applicant stated he had not been made any promises in exchange for his guilty plea. (Plea transcript, p. 5). This Court further notes that plea counsel urged the plea judge to sentence the Applicant to the minimum sentence of ten years imprisonment. (Plea transcript, pp.14-16).

Attachment 1, pp. 64-65.

A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are

'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[2] When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

The PCR court's rejection of Petitioner's argument that his plea was not entered knowingly and voluntarily was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found plea counsel's testimony credible while finding Petitioner's testimony not credible. The PCR court's

---

[2] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

12

factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Petitioner testified at the plea hearing that he understood the maximum sentences he could receive, he was satisfied with his counsel, he admitted the facts recited by the solicitor were true, and he apologized for his actions stating he knew they were wrong. Accordingly, it is recommended that Respondent's motion for summary judgment be granted with regard to Ground One.

**Ground Two**

In Ground Two, Petitioner asserts that counsel failed to inform him about trial, including but not limited to, the right to confront his witness who had recanted his

statement. Respondent argues that this issue is procedurally barred.

This issue was raised and addressed by the PCR judge. However, the issue was not raised in the petition for writ of certiorari. Therefore, it is procedurally barred from federal habeas review.³ Accordingly, it is recommended that Ground Two be denied and dismissed.

## Ground Three

In Ground Three, Petitioner asserts ineffective assistance of counsel arguing counsel failed to present proper mitigating evidence concerning his social history, background, and mental health records. Petitioner argues that counsel should have subpoenaed a mitigation expert witness. Respondent argues that the PCR court was correct in denying Petitioner's ineffective assistance claim on this basis.

When presented with an application for habeas relief, the first inquiry by the

---

³ Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez exception); Cross v. Stevenson, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal established cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.'") quoting Martinez, 132 S.Ct. at 1320.

court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

These issues were raised and ruled upon by the PCR court and raised in the PCR appeal. In the order of dismissal, the PCR court found as follows:

> This Court finds the Applicant failed to meet his burden of proving plea counsel should have presented more

> thorough mitigation or obtained a mitigation expert. This Court notes plea counsel presented a detailed mitigation argument to the plea judge, including that the Applicant: had no prior record, became the sole caretaker of his younger siblings at a young age, and performed well academically with no history of behavior misconduct at school. (Plea transcript, pp.13-16). This Court notes that, as the Applicant has failed to present either mitigation evidence or a mitigation expert, it cannot speculate as to whether such information would have had an impact upon the Applicant's case. See Lorenzen v. State, 376 S.C. 521, 530, 657 S.E.2d 771, 777 (2008) (finding that, as the applicant failed to present any expert testimony at the PCR hearing, "it is merely speculative that these allegedly favorable expert witnesses would have aided in his defense"); Dempsey v. State, 363 S.C. 365, 370, 610 S.E.2d 812, 815 (2005)(finding that, as the applicant failed to have an expert testify at the evidentiary hearing, "any finding of prejudice is merely speculative").

(Tr. 65).

At the time of the plea, counsel informed the court that Petitioner was doing well in school until he dropped out at the age of fifteen to take care of his siblings because his mother turned to drugs and basically abandoned him and his younger siblings. (Tr. 13-15). Counsel informed the plea judge that Petitioner made a poor choice of selling drugs as an easy way to make money to provide care for his younger siblings. Id. Counsel informed the plea judge that Petitioner never had a father in the home and no parental guidance prior to dropping out of school at the age of fifteen. Id. Counsel stated that Petitioner basically was a B student taking normal classes with

17

no behavior problems other than a little mischief. Id. Counsel asked the judge for the minimum sentence of ten years and that Petitioner deserved another chance. Id. At the PCR hearing, plea counsel testified that Petitioner did not have much family support, and he gave mitigation evidence to the plea judge based on what his client told him. (Tr. 51). Plea counsel testified that he would not have requested a mitigation expert as he did not have support for such a request. (Id.). Upon cross-examination, plea counsel testified that he did not think obtaining funds for an independent mitigation expert would have changed the outcome of the case. (Tr. 55). There was no testimony or evidence submitted from a mitigation expert at the PCR hearing. Thus, it would be speculation as to what an expert would have testified to had there been one.

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland, The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v.

Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Three.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #9) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

November 24, 2015                           s/Thomas E. Rogers, III
Florence, South Carolina                    Thomas E. Rogers, III
                                            United States Magistrate Judge

The parties' attention is directed to the important information on the attached notice.