# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Antonio Calloway, | ) | Civil Action No. 4:15-2137-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |

In this *pro se* action, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On November 24, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 18.) Petitioner timely filed objections to the Report and Recommendation. (Dkt. No. 25.) As explained herein, this Court adopts the Report and Recommendation and grants Respondent's motion for summary judgment.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with

-1-

instructions." *Id.* When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n. 9 (4th Cir.2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored" though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## II.   Analysis

On May 14, 2012, Petitioner pled guilty to attempted murder, kidnapping, three armed robberies, attempted armed robbery, and two possession of a weapon during the commission of a violent crime charges. The South Carolina Circuit Court in Greenville sentenced Petitioner to twenty-five years in prison for attempted murder and to lesser sentences for the other charges. All sentences were issued to run concurrently. After direct appeal and post-conviction relief ("PCR") proceedings in state courts, he timely filed the instant Petition for a Writ of Habeas Corpus on May 25, 2015, asserting three Grounds for relief.

### A.    Ground One

In Ground One, Petitioner asserts that his guilty plea was involuntary because he did not understand the consequences of his plea and because he did not understand the nature of the charges to which he pled guilty.

Petitioner's assertion that he did not understand the consequences of his plea is contradicted by the record. When he pled guilty, Petitioner very clearly testified that he understood the maximum sentence he could receive (thirty years) and that he was satisfied with the counsel he had received regarding his decision to plead guilty:

> THE COURT: Has anyone promised you anything for pleading guilty?
> DEFENDANT SEYMOUR: No, sir.
> DEFENDANT CALLOWAY: No, sir.
> THE COURT: You are pleading guilty voluntarily, that is of your own free will?
> DEFENDANT SEYMOUR: Yes, sir.
> DEFENDANT CALLOWAY: Yes, sir.
> THE COURT: Do you understand that the maximum sentence on each of the armed robberies is 25 years in prison?
> DEFENDANT SEYMOUR: Yes, sir.
> DEFENDANT CALLOWAY: Yes, .sir.
> . . .
> THE COURT: Okay. Attempted murder, that's on both and that's up to 30 years. Do you understand that?
> DEFENDANT SEYMOUR: Yes, sir.
> DEFENDANT CALLOWAY: Yes, sir.
> . . .
> THE COURT: Now, [are] each of you satisfied with the services of your lawyer?
> DEFENDANT. SEYMOUR: Yes, sir.
> DEFENDANT CALLOWAY: Yes, sir.
> THE COURT: Have they done everything for you that you asked them to do?
> DEFENDANT SEYMOUR: Yes, sir.
> DEFENDANT CALLOWAY: Yes, sir.
> THE COURT: Have they done anything you don't like?
> DEFENDANT SEYMOUR: No, sir.
> DEFENDANT CALLOWAY: No, sir.

(Dkt. No. 10-1 (Guilty Plea Tr. 5:15–8:18).) And at the PCR hearing, Petitioner testified that he was told that a ten-year sentence was only a "possibility":

> Q. Okay. Did he [plea counsel] say you were going to get ten years or he believed you were going to get ten years or did he just flat out tell you you were going to get ten 21 years?
> A. He said there was a possibility I was going to receive ten years when we went in front of the judge that day.

(Dkt. No. 10-1 (PCR Tr. 7:18–24).) There is simply no basis in the record for an assertion that the PCR court unreasonably applied Federal law or unreasonably determined the facts when it rejected Petitioner's argument that he did not understand the consequences of his plea. *See* 28 U.S.C. § 2254(d).

-3-

Petitioner's Objections to the Report and Recommendation focus on his claim that his guilty plea was involuntary because the elements of the charged offenses were never explained to him. A guilty plea is involuntary, even when the factual basis of guilt is freely admitted, if the defendant did not understand the nature of the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 644–47 (1976) (holding that where neither defense counsel nor the trial court had explained the elements of the offense of second degree murder, the guilty plea was involuntary, even though the defendant had admitted killing the victim). The sentencing colloquy contains no explanation of the elements of the offenses charged to Mr. Calloway and no statement that counsel had explained those elements to him. Petitioner asserted in PCR proceedings that he was never informed of the elements of the charged offenses, but the PCR court did not address this claim. Thus, this claim was never "adjudicated on the merits" by the state court. *See* 28 U.S.C. § 2254(d). However, under South Carolina law, when the PCR court fails to address a claim as is required by S.C. Code Ann. 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Because Petitioner did not do so, he failed to fairly present his claim to South Carolina's appellate courts and bypassed his state court remedies. Thus, this issue is procedurally barred from Federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule (here, filing a Rule 59(e) motion) and (2) actual prejudice resulting from the alleged constitutional violation. *E.g.*, *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

Here, Petitioner has not attempted to show cause to excuse his procedural default in his PCR proceeding. And actual prejudice from the alleged violation appears foreclosed by Petitioner's knowing and voluntary admission of facts sufficient to establish the elements of the charged offenses. Nor does Petitioner state what, precisely, he did not understand about the

-4-

offenses charged or how that lack of understanding was prejudicial. He states in conclusory terms that he was prevented "from making an informed decision" and that he "would have gone to trial if he had known the true nature of his offenses." (Dkt. No. 25, at 11.) But he never explains what he did not understand about "attempted murder," "kidnapping," "armed robbery," or "possession of a weapon during the commission of a violent crime," or how that misunderstanding affected his decision to plead guilty. Moreover, the record demonstrates that Petitioner made an informed decision to plead guilty not because he was unaware of the nature of the charged offenses, but because he hoped for a ten-year sentence—despite being made fully aware that he faced a possible sentence of thirty years.

The court therefore adopts the recommendation of the Magistrate Judge regarding Petitioner's claim that he did not understand the consequences of his guilty plea, denies Petitioner's claim that he did not understand the nature of the charges as procedurally barred, and grants summary judgment for Respondent on Ground One.

### B.    Ground Two

In Ground Two, Petitioner asserts that counsel failed to inform him about his rights at trial. Respondent argues that this claim is procedurally barred, and, in his Objections to the Report and Recommendation, Petitioner concedes that the claim is procedurally barred. Petitioner's Objections state that Ground Two was "voluntarily abandoned" as "forfeited" in his reply to Respondent's Response. (Dkt. No. 25, at 2.) The Court therefore adopts the recommendation of the Magistrate Judge and grants summary judgment for Respondent on Ground Two.

### C.    Ground Three

Petitioner asserts ineffective assistance of counsel on the basis that counsel failed to present proper mitigating evidence concerning his background. The PCR court considered this claim under the framework provided by *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*

-5-

requires a petitioner asserting a claim of constitutionally ineffective assistance of counsel to show that his counsel's performance was objectively unreasonable, and that prejudice to the defendant resulted. *Id.* at 687. The PCR court found that that Petitioner failed to meet either prong, noting, *inter alia*, that plea counsel did present a detailed mitigation argument. That determination is entitled to considerable deference in habeas review. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). There is nothing in the record suggesting that the PCR court unreasonably applied *Strickland* or that it made "an unreasonable determination of the facts." 28 U.S.C. § 2254(d). As stated in the Report and Recommendation, the record supports the PCR court's findings regarding this claim. Accordingly, the court adopts the recommendation of the Magistrate Judge and grants summary judgment for Respondent on Ground Three.

## III. Conclusion

Having reviewed the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report as the Order of this Court. Thus, Respondent's Motion for Summary Judgment (Dkt. No. 9) is **GRANTED** and the Petition (Dkt. No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 15, 2016
Charleston, South Carolina